# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2012

No. 11-30729
Summary Calendar

Lyle W. Cayce
Clerk

RICKEY BARNES,

Plaintiff-Appellant

v.

DAVID JOHNSON; JASON GIROIR; TERRY SHARP; JOSEPH WESTBROOK; ATTORNEY GENERAL FOR THE STATE OF LOUISIANA; RUSSELL BORDELON; BILLY MONTAGOMERY; CLINT BOND; HARVEY SLATER; JOHN DOE, Security Officer; JOHN DOE, Security Officer; JOHN DOE, Security Officer; PETE HEFLIN; UNKNOWN DAVIS; UNKNOWN ORR; JOHN DOE, Classification Officer; JOHN DOE, Mental Health Officer; JOE SERIO; BRYAN JUNEAU; UNKNOWN MILLS; RICHARD L STALDER; SHIRLEY COODY,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-83

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rickey Barnes, Louisiana prisoner # 119466, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion filed pursuant to Federal Rule of Civil Procedure 60(b).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30729

Before trial, the district court dismissed all defendants except Jason Giroir, Terry Sharp, Joseph Westbrook, and Harvey Slater, and at the close of Barnes's case at trial, the district court granted the defendants' motion for judgment as a matter of law. In an order entered May 18, 2010, the district court denied Barnes's motions to alter or amend the judgment and for a new trial. In November 2010, Barnes noticed his appeal from this order. On December 6, 2010, the district court denied Barnes's motion for leave to proceed IFP on appeal because the notice of appeal was not filed timely and the appeal was not taken in good faith. This court dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely. *Barnes v. Giroir*, No. 10-31148, slip op. (5th Cir. Mar. 2, 2011) (unpublished).

In July 2011, Barnes filed a motion pursuant to Rule 60(b) asking the district court to revisit its May 18, 2010, order that denied his motion for a new trial because there had been a miscarriage of justice, fraud, surprise, and/or inadvertence, and newly discovered evidence regarding the determination that his notice of appeal from that denial was untimely. The district court denied the motion, stating that because this court had already held that Barnes's notice of appeal was untimely, Barnes could not reopen the issue through a Rule 60(b) motion. The district court denied IFP, certifying that the appeal was not taken in good faith.

By moving in this court to proceed IFP, Barnes is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Barnes contends that he is entitled to relief from the district court's December 6, 2010 order, which denied him leave to proceed IFP on appeal and

determined that his appeal was untimely from the district court's May 18, 2010, order, which denied his motions to alter or amend the judgment or for a new trial, because he was not sent notice of the denial of his motion for a new trial, there were intervening circumstances beyond his control, and he would have prevailed on appeal; that the district court abused its discretion by not taking as true his factual allegations in the Rule 60(b) motion; and that the district court abused its discretion by not ruling on a motion for, or holding, an evidentiary hearing.  He asserts that Rule 60(b) "has been applied to pro se litigants who do not receive actual notice of a judgment agai[n]st them."

Barnes does not address the basis for the district court's denial of his Rule 60(b) motion and certification that the appeal was not taken in good faith -- that this court had already held that his notice of appeal was untimely.  Pro se briefs are afforded liberal construction.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Barnes has failed to challenge the reason the district court denied the Rule 60(b) motion and certified that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal.  *See id.*  Moreover, under the law of the case doctrine, this court's prior determination that it lacked jurisdiction because Barnes's notice of appeal was untimely is binding.  *See Fuhrman v. Dretke*, 442 F.3d 893, 896-97 (5th Cir. 2006).  Thus, the appeal lacks arguable merit and is therefore frivolous.  *See Howard*, 707 F.2d at 220.

Barnes's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  The dismissal of the instant appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(e)(2)(B)(i), (g).  We CAUTION Barnes that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).